Judge: Marc L. Barreca
Chapter: Chapter 7

# UNITED STATES BANKRUPTCY COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON

In re:

CASCADE AG SERVICES, INC.,
*d/b/a Pleasant Valley Farms*
*f/d/b/a Mountain View Produce Inc*
*f/d/b/a Staffanson Harvesting LLC*
*f/d/b/a Sterling Investment Group LLC*

Debtor.

Bankruptcy No. 12-18366-MLB

Adversary Case No.

---

VIRGINIA L. BURDETTE, solely in her capacity as Chapter 7 Trustee of the estate of Cascade Ag Services, Inc.,

Plaintiff

v.

MOSS ADAMS LLP, a Washington limited liability partnership,

Defendant(s).

COMPLAINT: 1) TO AVOID AND RECOVER PREFERENTIAL TRANSFERS ; 2) TO AVOID AND RECOVER FRAUDULENT TRANSFERS AND 3) TO AVOID AND RECOVER UNAUTHORIZED POST-PETITION TRANSFERS

## I. INTRODUCTION

Virginia L. Burdette, solely in her capacity as Chapter 7 Trustee of the bankruptcy estate of Cascade Ag Services, Inc., (*dba Pleasant Valley Farms, fdba Mountain View Produce Inc., fdba Staffanson Harvesting LLC, fdba Sterling Investment Group LLC),* by and through her attorneys, Wood & Jones, P.S. complains as set forth below.

## II. JURISDICTION AND VENUE

COMPLAINT TO AVOID AND RECOVER PRE-PETITION
TRANSFERS AND FOR OTHER CAUSES OF ACTION

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle, WA. 98103
(206) 623-4382

Page 1

Case 15-01235-MLB    Doc 1    Filed 08/06/15    Ent. 08/06/15 17:47:22    Pg. 1 of 9

2.1     This is an action to recover estate property:  1) to avoid and recover preferential transfers; 2) to avoid and recover fraudulent transfer and 3) avoid and recover unauthorized post-petition transfer.

2.2     This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2) (F), (H), and (O).

2.3     This Court has jurisdiction to hear this complaint pursuant to 28 U.S.C. § 157(a) and (b), 1334(a) and (b), and 11 U.S.C. §§ 105, 547, 548, 549, 550, and 551.

2.4     This matter has been referred to the Bankruptcy Judges of this District pursuant to General Rule 7 of the Rules for the United States District Court for the Western District of Washington.

2.5     Venue is proper under 28 U.S.C. § 1409.

### III.     PARTIES

3.1     <u>Debtor</u>. Cascade Ag Services, Inc., (*dba Pleasant Valley Farms, fdba Mountain View Produce Inc., fdba Staffanson Harvesting LLC, fdba Sterling Investment Group LLC),* is a Washington formed corporation. It filed a voluntary Chapter 11 bankruptcy petition on August 13, 2012.  The case was converted to a Chapter 7 on August 8, 2014.

3.2     <u>Trustee</u>. Virginia Burdette ("Burdette" or "Trustee") was appointed as the Chapter 7 Trustee for the case on August 8, 2014.  The Trustee is authorized to bring this action pursuant to §§ 547, 548, 549, 550 and 551 of the Bankruptcy Code and does so solely in her capacity as Trustee for Cascade Ag Services, Inc...

3.3     <u>Defendant Moss Adams LLP ("Defendant")</u>.  Moss Adams LLP is a Washington limited liability partnership.

### IV.     STATEMENT OF FACTS

COMPLAINT TO AVOID AND RECOVER PRE-PETITION
TRANSFERS AND FOR OTHER CAUSES OF ACTION

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle, WA. 98103
(206) 623-4382

Page 2

Case 15-01235-MLB    Doc 1    Filed 08/06/15    Ent. 08/06/15 17:47:22    Pg. 2 of 9

4.1     Cascade Ag Services, Inc. is a Washington formed corporation. It filed a voluntary Chapter 11 bankruptcy petition on August 13, 2012 ("Petition Date"). The case was converted to a Chapter 7 on August 8, 2014 ("Conversion Date").

4.2     On May 25, 2012, the Debtor transferred $10,000.00 to the defendant(s).

4.3     On July 17, 2012, the Debtor transferred $2,500.00 to the defendant(s).

4.4     The total of these transfers to the defendant was $12,500.00.

4.5      Other transfers may have been made pre- petition and post-petition.

4.6     In the balance sheet attached to the monthly report filed for the period of August, 2012 the assets listed total $19,538,483.00 and liabilities total $20,897,053.00. In that same balance sheet, the Debtor states that the retained earnings/member's equity is a negative $1,358,569.00.

4.7     In October 2012, the Debtor made an inventory value adjustment reducing the value of its inventory by $4,350,200.00. In December 2012, the Debtor reduced the value of its inventory by another $912,315.00 thus increasing the insolvency of the Debtor (see the balance sheet attached to the monthly report for the period of January 2013).

4.8     The liquidating agent sold all of the assets of the Debtor, except the real property, for a price of between $3,800,000.00 and $4,900,000.00.

4.9     The value of the real property as of the Petition Date was overstated on the schedules by at least $1,750,000.00. The Property has been listed for sale and the Trustee has only received two offers on the property, one for $625,000.00 which fell through and one for $325,000.00. The Property has still not sold.

4.10    As of the Petition Date the Debtor's assets exceeded its liabilities by several million dollars thus the Debtor was insolvent on or before the Petition Date.

COMPLAINT TO AVOID AND RECOVER PRE-PETITION
TRANSFERS AND FOR OTHER CAUSES OF ACTION

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle, WA. 98103
(206) 623-4382

Page 3

Case 15-01235-MLB    Doc 1    Filed 08/06/15    Ent. 08/06/15 17:47:22    Pg. 3 of 9

4.11     The transfers referenced above were made within 90 days of the Petition Date.

4.12     Upon information and belief the Plaintiff alleges the transfers referenced above were made for or on account of an antecedent debt owed by the Debtor to the Defendant.

4.13     Upon information and belief the Plaintiff alleges that the transfers made above enabled the Defendant to receive more than it would have received if the case were a case under Chapter 7 of Title 11 of the United States Code, the transfers had not been made, and the Defendant received payment of its debts to the extent provided by the provisions of Title 11 of the United States Code.

4.14     Pleading in the alternative, the Plaintiff alleges that the debtor did not receive reasonably equivalent value in exchange for the transfers listed above or alternatively the transfers caused the Debtor to engage or thereafter engage in business for which the remaining assets of the Debtor were unreasonably small in relation to its business or transactions.

4.15     Pleading in the alternative, the Plaintiff alleges that the transfers referenced above should have caused the Debtor to believe that it would incur debts beyond its ability to pay.

4.16     Pleading in the alternative, the Plaintiff alleges that any transfers made after the Petition Date were not made pursuant to Court order.

### V.     FIRST CAUSE OF ACTION: PREFERENTIAL TRANSFERS UNDER 11 U.S.C. §547 OF THE CODE

5.1     Paragraphs I-IV, and all subsections thereof, are hereby repeated and incorporated as though fully set forth herein.

COMPLAINT TO AVOID AND RECOVER PRE-PETITION
TRANSFERS AND FOR OTHER CAUSES OF ACTION

Wood & Jones, P.S.
303 N. 67th Street
Seattle, WA. 98103
(206) 623-4382

Page 4

Case 15-01235-MLB    Doc 1    Filed 08/06/15    Ent. 08/06/15 17:47:22    Pg. 4 of 9

5.2     The transfers by the Debtor to the Defendant constitute transfers by the Debtor of an interest in property.

5.3     The transfers from the Debtor to Defendant were made for or on account of an antecedent debt owed by the Debtor to Defendant.

5.4     The transfers referred to in Paragraph IV, above, were made by the Debtor to Defendant were made within ninety days of the Petition Date.

5.5     At the time of the transfers referred to in Paragraph IV, above, the Debtor was insolvent.

5.6     The transfers referred to in Paragraph IV, above, enabled the Defendant to receive more than it would have received if the case were a case under Chapter 7 of Title 11 of the United States Code, the transfers had not been made, and the Defendant(s) received payment of its debts to the extent provided by the provisions of Title 11 of the United States Code.

### VI.     SECOND CAUSE OF ACTION: FRAUDULENT TRANSFERS UNDER § 548 OF THE BANKRUPTCY CODE AND RCW 19.40 *et seq*.

6.1     Sections I through V and all subsections thereof are hereby repeated and incorporated as though fully set forth herein.

6.2     The transfers set forth in paragraph IV above were made to and/or for the benefit of the Defendant(s).

6.3     The Debtor did not receive reasonably equivalent value in exchange for the transfers set forth in paragraph IV above which were made to or for the benefit of the Defendant(s).

6.4     The Debtor was insolvent on the date of the transfers set forth in paragraph IV above which were made to or for the benefit of the Defendant(s).

COMPLAINT TO AVOID AND RECOVER PRE-PETITION
TRANSFERS AND FOR OTHER CAUSES OF ACTION

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle, WA. 98103
(206) 623-4382

Page 5

Case 15-01235-MLB    Doc 1    Filed 08/06/15    Ent. 08/06/15 17:47:22    Pg. 5 of 9

6.5     The transfers referred to in paragraph IV above to the Defendant(s) were made with actual intent to hinder, delay and defraud creditors to whom the Debtor was indebted on or after the date of the transfers.

6.6     The transfers to the Defendant(s) set forth in paragraph IV above are avoidable pursuant to 11 U.S.C. §548 as stated therein as they were either a) made with actual intent to hinder, delay or defraud creditors to whom the Debtor was indebted on or after the date of the transfers; or b) the Debtor received less than reasonably equivalent value in exchange for the transfers, became insolvent or was insolvent at the time of the transfers, leaving the Debtor with an unreasonably low capital account or leaving the Debtor unable to pay its debts as they matured.

6.7     The transfers made to the Defendant(s) as set forth in paragraph IV above are avoidable by the Trustee under 11 U.S.C. §548(a)(1) or (a)(2).

### VII. THIRD CAUSE OF ACTION: – FRAUDULENT CONVEYANCES 11 U.S.C. § 544 AND RCW 19.40. TO DEFENDANT(S)S

7.1     Paragraphs I through VI and all subsections thereof are hereby repeated and incorporated as though fully set forth herein.

7.2     The Debtor made the transfers set forth in paragraph IV above which are avoidable pursuant to RCW 19.40.010 et. seq. as stated therein.

7.3     The transfers by the Debtor to Defendant(s) as set forth in paragraph IV above were made with actual intent to hinder, delay or defraud creditors of the Debtor.

7.4     The transfers by the Debtor to Defendant(s) as set forth in paragraph IV were made without the Debtor receiving reasonably equivalent value in exchange for the transfers.

COMPLAINT TO AVOID AND RECOVER PRE-PETITION TRANSFERS AND FOR OTHER CAUSES OF ACTION

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle, WA. 98103
(206) 623-4382

Page 6

Case 15-01235-MLB    Doc 1    Filed 08/06/15    Ent. 08/06/15 17:47:22    Pg. 6 of 9

7.5     The transfers by the Debtor to Defendant(s) as set forth in paragraph IV above caused the Debtor to engage or thereafter engage in business for which the remaining assets of the Debtor were unreasonably small in relation to the business or transactions.

7.6     The transfers by the Debtor to Defendant(s) should have caused the Debtor to believe that it would incur debts beyond its ability to pay as they became due.

7.7     The transfers by the Debtor to the Defendant(s) as set forth in paragraph IV above were not made in exchange for reasonably equivalent value.

7.8     The Debtor was insolvent on the date of each and every transfer set forth in paragraph IV above. Alternatively, the Debtor became insolvent as a result of the transfers

## VIII.   FOURTH CAUSE OF ACTION - AVOIDANCE OF UNAUTHORIZED POST-PETITION TRANSFERS PURSUANT TO SECTION 549 OF THE BANKRUPTCY CODE

8.1     Paragraphs I through VII and all subsections thereof are hereby repeated and incorporated as though full.

8.2     After the Petition Date the Defendant(s) received unauthorized transfers of property of the estate as set forth in paragraph IV above.

8.3     The transfers of the property set forth in paragraph IV above were not authorized by the Bankruptcy Code or by Court order.

## IX – FIFTH CAUSE OF ACTION:
## PRESERVATION OF AVOIDED TRANSFERS

9.1     Sections I through VIII are hereby repeated and incorporated in this cause of action.

9.2     Any and all transfers avoided under the claims for relief set forth in Paragraphs VII above, may be recovered from the Defendants as either initial transferees under 11 U.S.C. § 550(a)(1), or as immediate or mediate transferees of

COMPLAINT TO AVOID AND RECOVER PRE-PETITION
TRANSFERS AND FOR OTHER CAUSES OF ACTION

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle, WA. 98103
(206) 623-4382

Page 7

Case 15-01235-MLB    Doc 1    Filed 08/06/15    Ent. 08/06/15 17:47:22    Pg. 7 of 9

such initial transferee under 11 U.S.C. § 550(a)(2). Such transfers are preserved for the benefit of the estate pursuant to 11 U.S.C. §§ 550 and 551.

**X. PRAYER FOR RELIEF**

The Trustee asks for the following relief:

10.1   That the Court determine that the transfers set forth in Section IV constitute preferential transfers that can be avoided pursuant to 11 U.S.C. §547 of the Bankruptcy Code.

10.2   That the Court determine that the transfers to the Defendant(s)s were fraudulent in nature pursuant to section 544 and 548 of the Bankruptcy Code and RCW 19.40 et. al.

10.3   That the Court determine that the transfers by the Debtor to Defendant(s) as set forth in Paragraph IV, above, constitute unauthorized post-petition transfers pursuant to 11 U.S.C. §§549 and 550.

10.4   That the Court finds that the avoided transfers are preserved for the benefit of the estate.

10.5   That the Court enter an order consistent with this Complaint and a judgment in an amount to be determined against the Defendant(s) plus interest from the date of the transfers, and such other relief as this Court deems just and proper.

Dated this 6th day of August, 2015.

WOOD & JONES, P.S.

_/s/ Denice Moewes_____
Denice Moewes, WSBA #19464
Wood & Jones, PS
Attorney for Trustee
Chapter 7 Virginia Burdette

COMPLAINT TO AVOID AND RECOVER PRE-PETITION
TRANSFERS AND FOR OTHER CAUSES OF ACTION

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle, WA. 98103
(206) 623-4382

Page 8

Case 15-01235-MLB    Doc 1    Filed 08/06/15    Ent. 08/06/15 17:47:22    Pg. 8 of 9

| | |
|---|---|
| COMPLAINT TO AVOID AND RECOVER PRE-PETITION TRANSFERS AND FOR OTHER CAUSES OF ACTION | **Wood & Jones, P.S.**<br>303 N. 67th Street<br>Seattle, WA. 98103<br>(206) 623-4382 |

Page 9